Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>PROFESSIONAL PRINTERS, INC., a Colorado corporation,<br><br>Defendant. | CASE NO. 2:18-CV-01592<br><br>**COMPLAINT**<br><br>(1) Collection of Withdrawal Liability pursuant to ERISA § 4221(b)(1) (29 U.S.C. § 1401(b)(1)); and<br>(2) Payroll Audit Liability - Collection of Audit Costs pursuant to ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) |

## COMPLAINT

Plaintiffs, GCIU-Employer Retirement Fund ("Plaintiff Fund") and Board of Trustees of the GCIU-Employer Retirement Fund ("Board of Trustees"), for causes of action against Defendant Professional Printers, Inc., allege as follows:

## **JURISDICTION AND VENUE**

1.     This is an action for collection of withdrawal liability, interest, and attorneys' fees incurred by an employer as a result of a withdrawal from a multiemployer pension plan which action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq.*

2.     This is also an action to recover the costs of a previously conducted audit pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §§1132(a)(3).

3.     This court has jurisdiction over this action under §§ 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

4.     Venue lies in this Court under §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Plaintiff Fund is administered at its principal place of business in Los Angeles, California.

## **PARTIES**

5.     Plaintiff Fund is a multiemployer pension plan within the meaning of §§ 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

6.     Plaintiff Board of Trustees is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of § 402(a) of ERISA, 29 U.S.C. § 1102(a), and is the plan sponsor of the Fund within the meaning of §§ 3(16)(B)(iii) and 4001(a)(10) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10).  The Board of Trustees administers the Plaintiff Fund at 1200 Wilshire Blvd, 5th Floor, Los Angeles, CA 90017-1906.

7.     Pursuant to §§ 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Board of Trustees is authorized, as a named fiduciary, to bring this action on behalf of the Fund, its participants and beneficiaries.

8.     The Plaintiff Fund is also authorized to bring this action in its own name pursuant to a provision contained within Article VIII, Section 18 of the Fund's Trust

2

COMPLAINT

Agreement, which permits all legal actions to be prosecuted in the name of the Fund. A true and correct copy of the Fund's Trust Agreement is attached hereto as Exhibit 1.

9.      Defendant Professional Printers, Inc., ("Professional Printers") is a dissolved corporation organized under the laws of the State of Colorado.

10.     At all times relevant to this action, Defendant was an "employer" as the term is defined by § 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, as defined by § 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).

## FIRST CAUSE OF ACTION

### (Default on Payment Obligation for Withdrawal Liability)

11.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12.     During all relevant times, Professional Printers was a signatory to a Collective Bargaining Agreement with the Teamsters District Council No. 2, Local 625-S ("Local Union"), under which it was required to make contributions to the Plaintiff Fund on behalf of its covered employees. A true and correct copy of the most recent Collective Bargaining Agreement is attached hereto as Exhibit 2.

13.     Defendant's obligation to contribute to the Plaintiff Fund ceased in 2012 because Defendant completely withdrew from participation in the Plaintiff Fund.

14.     Defendant also experience a partial withdrawal from the Plaintiff Fund due to a 70-percent contribution decline that was triggered in 2011 pursuant to Section 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

15.     As a result of the foregoing, Plaintiffs provided Professional Printers with a Notice of Partial and Complete Withdrawal Liability and Demand for Payment ("Notice and Demand") dated May 18, 2017, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

16.     In accordance with ERISA and the Fund's Withdrawal Liability Procedures, the Fund's actuary determined that the partial withdrawal liability attributable to Defendant

3

COMPLAINT

was $114,992 and that the complete withdrawal liability attributable to Defendant was $116,352.

17.     The Notice and Demand included a detailed calculation of how the amounts of the partial and complete withdrawal liability assessments were calculated by the actuary, and provided Professional Printers with a payment schedule for the two assessments in accordance with the requirements of § 4219(c) of ERISA, 29 U.S.C. § 1399(c). A true and correct copy of the Notice and Demand with the detailed calculations is attached hereto as Exhibit 3.

18.     Defendant failed to make payments pursuant to the two payment schedules as required under § 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2).

19.     On August 2, 2017, Plaintiffs provided via certified mail a Notice of Failure to Pay Withdrawal Liability and Demand for Cure ("Demand for Cure") to Defendant in accordance with § 4219(c)(5) of ERISA, 29 U.S.C § 1399(c)(5), informing Defendant that it had sixty (60) days to cure the delinquencies prior to the determination of a default within the meaning of § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). A true and correct copy of the Demand for Cure is attached hereto as Exhibit 4.

20.     Defendant did not exercise its rights under ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A), to ask Plaintiffs to review the assessments, to identify any inaccuracies in the determination of the amount of the assessments, or to furnish any additional information to the Plaintiffs.

21.     Defendant did not initiate arbitration pursuant to § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) and the time to initiate arbitration has expired. Consequently, the amounts demanded by Plaintiffs are due and owing pursuant to § 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

22.     Defendant failed to cure the required withdrawal liability payments pursuant to the Demand for Cure and thus is in default within the meaning of § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). Accordingly, the entire amount of its withdrawal liability assessments is due and owing.

23.     The total owed on both withdrawal liability assessments is $231,344.

24.     The failure to pay its withdrawal liability subjects an employer to interest, attorney's fees and costs.

25.     By reason of the foregoing, Defendant is indebted to Plaintiffs in the sum of $231,344, plus interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

### (Payroll Audit Liability)

26.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     As a signatory to the Collective Bargaining Agreement with the Local Union and a contributing employer to the Plaintiff Fund, Defendant is also bound by the terms and conditions, rules and regulations of the Plaintiff Fund's Trust Agreement.

28.     Under Article IX, Section 2 and 3 of the Trust Agreement governing the Plaintiff Fund, Defendant is contractually liable to timely report on a monthly basis the hours worked by all of its employees performing bargaining unit work and to pay contributions to the Plaintiff Fund accordingly.

29.     Under Article IX, Section 5 of the Plaintiff Fund's Trust Agreement, Defendant is also required to permit the Plaintiff Fund to review its books and records to confirm that monthly contributions are being made in accordance with the terms of the Collective Bargaining Agreement.

30.     Article IX, Section 5 of the Plaintiff Fund's Trust Agreement further provides that in the event an audit of a participating employer discloses that the participating employer has not paid the required contributions, the participating employer shall be liable for the costs of the audit.

31.     At all relevant times, Defendant employed employees for whom employee contributions were due under the Collective Bargaining Agreement.

32.     A routine audit of Defendant's books and records was performed by the Plaintiff Fund covering the period of January 1, 2008 through August 31, 2012.

COMPLAINT

33.     The payroll audit revealed that Defendant failed to properly make monthly contributions in accordance with the terms of its Collective Bargaining Agreement.

34.     Defendant owed $491.564 in contributions to the Plaintiff Fund, $266.71 in interest, and $3,386.85 in audit costs, (collectively referred to as "Payroll Audit Liability").

35.     Defendant had a credit with Plaintiff Fund of $2,043.80 resulting from overpayments of contributions.

36.     The credit of $2,043.80 was applied to Defendant's Payroll Audit Liability, and a balance of $2,101.32 remained.

37.     Defendant has not paid the remainer of its Payroll Audit Liability and has thus breached Plaintiffs' Trust Agreement.

WHEREFORE, Plaintiffs request the following relief:

(a) On Plaintiffs' First Cause of Action, a judgment against Defendant, and on behalf of Plaintiffs, pursuant to § 4301(b) of ERISA, 29 U.S.C. § 1451(b), for:

(i)     The past due withdrawal liability payments of $231,344;

(ii)    Interest at the prevailing market rate pursuant to § 4219(c)(6) of ERISA, 29 U.S.C. § 1399(c)(6), on the total amount of unpaid withdrawal liability due and owing from July 17, 2017 until paid;

(iii)   Plaintiffs' reasonable attorneys' fees and costs of the action; and

(iv)    Such other legal and equitable relief as the Court deems appropriate.

(b) On Plaintiffs' Second Cause of Action, judgment against the Defendant, and on behalf of Plaintiffs for:

(i)     Unpaid Payroll Audit Liability for the audit period of January 1, 2008 through August 31, 2012;

(ii)    Plaintiffs' reasonable attorneys' fees and costs of the action; and

(iii)   Such other legal and equitable relief as the Court deems appropriate.

1  Dated: February 27, 2018          /s/ Valentina S. Mindirgasova

2                                    Kerry K. Fennelly
                                     Valentina S. Mindirgasova
3                                    Cornwell & Baldwin
                                     1017 East Grand Avenue
4                                    Escondido, CA 92025
                                     (760) 747-1100
5                                    (760) 747-1188
                                     kfennelly@donaldsonandcornwell.com
6                                    vmindirgasova@donaldsonandcornwell.com

7                                    Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

COMPLAINT