UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-01592-DMG (RAOx) | Date | August 3, 2018 |
|---|---|---|---|

| Title | *GCIU-Employer Retirement Fund, et al. v. Professional Printers, Inc.* | Page | 1 of 6 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [21]**

On February 27, 2018, Plaintiffs GCIU-Employer Retirement Fund ("Plaintiff Fund") and Board of Trustees of the GCIU-Employer Retirement Fund ("Plaintiff Board") filed a Complaint against Professional Printers, Inc., which asserts two causes of action against Defendant Professional Printers, Inc.: (1) collection of withdrawal liability pursuant to Section 4221 of the Employee Retirement Income Security Act of 1974 ("ERISA") (*i.e.*, 29 U.S.C. section 1401), and (2) payroll audit liability pursuant to Section 502 of ERISA (*i.e.*, 29 U.S.C. section 1132). [Doc. # 1.] Defendant has not appeared in this matter. On June 1, 2018, the Clerk entered a default against Defendant at Plaintiffs' request. [Doc. ## 18, 19.] Plaintiffs now move for a default judgment on its two causes of action against Defendant. [Doc. # 21.] Although Plaintiffs served the motion for default judgment on Defendant [Doc. # 21-4], it has not responded to the motion.

**I.
FACTUAL BACKGROUND**

Plaintiff Fund is a multiemployer pension plan within the meaning of 29 U.S.C. sections 1002(37) and 1301(a)(3). Compl. at ¶ 5. Plaintiff Fund is authorized by its Trust Agreement to bring this action in its own name. Compl. at ¶ 8. Plaintiff Board is comprised of named fiduciaries of Plaintiff Fund within the meaning of 29 U.S.C. section 1102(a). Compl. at ¶ 6. Plaintiff Board is also a plan sponsor of Plaintiff Fund under 29 U.S.C. sections 1002(16)(B)(iii) and 1301(a)(10). Compl. at ¶ 6. Defendant is a dissolved Colorado corporation that, at all times relevant to this action, was an "employer" for the purposes of 29 U.S.C. section 1002(5). Compl. at ¶¶ 9–10. During all relevant times, Defendant was a signatory to a Collective Bargaining Agreement ("CBA") with the Teamsters District Council No. 2, Local 625-S, under which Defendant accepted the terms of Plaintiff Fund's Trust Agreement and agreed to make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-01592-DMG (RAOx) | Date | August 3, 2018 |
| Title | *GCIU-Employer Retirement Fund, et al. v. Professional Printers, Inc.* | Page | 2 of 6 |

contributions to Plaintiff Fund on behalf of Defendant's covered employees. *See id.* at ¶ 12; Compl., Ex. 2 at 20 (the most recent version of the CBA) [Doc. # 1-2].[1]

In 2012, Defendant completely withdrew from participation in Plaintiff Fund. *See* Compl. at ¶ 13. Defendant partially withdrew from Plaintiff Fund in 2013 (*i.e.*, by causing a "70-precent contribution decline" to occur); this partial withdrawal was "triggered" in 2011. *See id.* at ¶ 14. On May 18, 2017, Plaintiffs provided Defendant with a "Notice of Partial and Complete Withdrawal of Liability and Demand for Payment" ("Notice and Demand") pursuant to 29 U.S.C. sections 1382(2) and 1399(b)(1). *See* Compl. at ¶ 15. The Notice and Demand included detailed calculations substantiating the partial and complete withdrawal liability assessments included therein, along with two payment schedules calculated in accordance with 29 U.S.C. section 1399(c). *See* Compl. at ¶ 17. Defendant failed to make payments required by the two schedules. *See id.* at ¶ 18. On August 2, 2017, Plaintiffs provided via certified mail a Notice of Failure to Pay Withdrawal Liability and Demand for Cure ("Demand for Cure"), which informed Defendant that it had to cure the delinquency within 60 days in order to avoid a determination of default under 29 U.S.C. § 1399(c)(5). Compl. at ¶ 19.

Defendant did not ask Plaintiffs to review the assessments, identify any inaccuracies in the determination of the amounts of the assessments, or furnish any additional information to Plaintiffs within the 90-day period following Defendant's receipt of the Notice and Demand. *See* Compl. at ¶ 20; 29 U.S.C. § 1399(b)(2)(A) (providing that employers may exercise such rights within that 90-day period). Further, Defendant did not initiate arbitration pursuant to 29 U.S.C. section 1401(a). Compl. at ¶ 21. Additionally, Defendant failed to cure its delinquency within 60 days of receiving the Demand for Cure. *See id.* at ¶ 22; *see also* 29 U.S.C. § 1399(c)(5)(A) (providing that an employer is in default if it fails to make a payment within 60 days of receipt of such a demand).

Plaintiffs conducted an audit of Defendant's books and records and determined that Defendant failed to properly make certain monthly contributions during the January 1, 2008 through August 31, 2012 timeframe. *See* Compl. at ¶¶ 32–36. Since the audit, Defendant has not paid the amount it owes in contributions, interest thereon, and audit costs.[2] *See id.* at ¶¶ 34–37.

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

[2] Plaintiff Fund's Trust Agreement provides that in the event that an audit reveals that an employer failed to make required contributions, it must pay the costs of the audit. *See* Compl. at ¶ 30; Compl., Ex. 1 at 36–37 (Trust Agreement) [Doc. # 1-1].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-01592-DMG (RAOx) | Date | August 3, 2018 |
| Title | *GCIU-Employer Retirement Fund, et al. v. Professional Printers, Inc.* | Page | 3 of 6 |

Plaintiffs thereafter initiated the instant action to obtain past due withdrawal liability payments, unpaid contributions, audit costs, interest, reasonable attorneys fees, and the costs of the action. *See id.* at 6.

## II.
## DISCUSSION

**A.  Federal Rule of Civil Procedure 55(b)(2), Local Rule 55-1, and the *Eitel* Factors**

Plaintiffs have complied with the procedural requirements applicable to default judgments. *See* Fed. R. Civ. P. 55(b)(2); C.D. Cal. L.R. 55-1; Knore Decl. at ¶¶ 2–4 [Doc. # 21-1]; Mindirgasova Decl. at ¶¶ 3–7 [Doc. # 21-2]. The Court has considered the *Eitel* factors and concludes that they weigh in favor of entering a default judgment against Defendant. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In *Eitel*, the Ninth Circuit set forth a number of factors that courts may consider when evaluating a default judgment motion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*

First, Plaintiffs will be prejudiced without a default judgment because this action is the only means by which they can recover the withdrawal liability, unpaid contributions, and other amounts owed, and they have already incurred expenses pursuing their claims. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Given that Plaintiff Fund is in "critical and declining status" for the purposes of the Multiemployer Pension Reform Act of 2014, *see* Knore Decl. at ¶ 7; 29 U.S.C. § 1085(b)(6), Plaintiffs will suffer considerable prejudice if they do not recover the amounts owed.

Second, since a default has been entered, the Court presumes that Plaintiffs' allegations are true such that there is no possibility of a dispute concerning the material facts. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). The Complaint alleges that Defendant partially withdrew from Plaintiff Fund (*i.e.*, by virtue of a 70-percent contribution decline), *see* 29 U.S.C. § 1385(a), and that Defendant completely withdrew from participation in Plaintiff Fund by ceasing to make any contributions in 2012, 29 U.S.C. § 1383(a). Plaintiffs allege that they notified Defendant of its withdrawal liability, and that it failed to pay any of it. Accordingly, Defendant has defaulted and is liable for a partial and a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-01592-DMG (RAOx)** | Date | August 3, 2018 |
| Title | *GCIU-Employer Retirement Fund, et al. v. Professional Printers, Inc.* | Page | 4 of 6 |

complete withdrawal from Plaintiff Fund. *See* 29 U.S.C. § 1399(c)(5). Furthermore, Plaintiffs have adequately stated a claim for delinquent contributions under ERISA because they allege that Defendant failed to make contributions in accordance with Plaintiff Fund's Trust Agreement. *See* 29 U.S.C. § 1332(a)(3) (an action may be brought by a fiduciary "to enforce any provisions of this subchapter or the terms of the plan"); 29 U.S.C. § 1145 (an employer is "obligated to make contributions to a multiemployer plan under terms of the plan").

Third, the amount at stake counsels in favor of granting Plaintiffs' motion. Although Plaintiffs seek a substantial sum (*i.e.*, $253,269.49 in withdrawal liablity, unpaid contributions, interest, attorneys' fees, and costs), it is "proportional to the harm caused by defendant's conduct." *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). With regard to Defendant's withdrawal liability, Plaintiffs have offered detailed calculations establishing Defendant's "fair share of the plan's unfunded liabilities." *See* Knore Decl., Ex. 2 at 10–16 [Doc. # 21-1]; *Connolly v. Pension Benefit Guar. Corp.*, 475 U.S. 211, 215–17 (1986) (observing that ERISA's statutory formulae for computing withdrawal liability are intended to "protect plans from the adverse consequences that result[] when individual employers terminate their participation in, or withdraw from, multiemployer plans"). Likewise, Plaintiffs seek only the contributions Defendant actually owes to the plan, interest on the amounts owed, and the expenses incurred in collecting those amounts. *See* Compl. at 6.

Fourth, the procedural history of this case weighs against a finding of excusable neglect, given that Defendant's counsel indicated in email correspondence that his client has chosen not to appear. *See* Mindirgasova Decl., Ex. 1 at 5–7 [Doc. # 21-2]. Similarly, Defendant's utter failure to meaningfully participate in this action also renders a decision on the merits impractical.

On balance, the Court concludes that the entry of a default judgment against Defendant is appropriate.

**B.     Remedies**

   **1.     Withdrawal Liability, Unpaid Contributions, Interest, and Audit Costs**

ERISA permits a fiduciary to recover unpaid contributions, interest thereon, reasonable attorneys' fees, the costs of the action, and "such other legal or equitable relief as the court deems appropriate."[3] *See* 29 U.S.C. § 1132(g)(2); *see also* 29 U.S.C. § 1451(e) (providing that

---

[3] Courts have held that "such other legal or equitable relief as the court deems appropriate" includes audit costs. *See, e.g.*, *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. B Witt Concrete Cutting, Inc.*, 685 F. Supp. 2d 1158, 1163–64 (D. Nev. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-01592-DMG (RAOx) | Date | August 3, 2018 |
| Title | GCIU-Employer Retirement Fund, et al. v. Professional Printers, Inc. | Page | 5 of 6 |

reasonable attorneys' fees and costs are recoverable in a withdrawal liability action). The Act further provides that, upon an employer's default, "a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability." See 29 U.S.C. § 1399(c)(5).[4]

Here, Plaintiffs' third-party administrator attests that pursuant to ERISA's statutory formulae, Defendant's partial withdrawal liability is $ 114,992 and its complete withdrawal liability is $116,352. See Knore Decl. at ¶ 9; Knore Decl., Ex. 2, at 11, 14 (actuarial calculations) [Doc. # 21-1]; 29 U.S.C. § 1381(b) (providing the manner in which withdrawal liability is calculated). The interest owed on the withdrawal liability through June 22, 2018 is $9,452.97, and additional prejudgment interest accrued at $28.52 per day through June 30, 2018 and then at $31.69 per day through the date of judgment. See Knore Decl. at ¶¶ 17–21 [Doc. # 21-1]; 29 U.S.C. § 1399(c)(6); 29 C.F.R. § 4219.32(c) (providing that interest may be calculated in the manner described in Knore's declaration). Consequently, Defendant owes $10,758.59 in prejudgment interest on its aggregate withdrawal liability (i.e., $9,452.97 + $228.16 for eight days of accrued interest in June 2018 + $1,077.46 for 34 additional days of accrued interest). Furthermore, during Plaintiffs' audit of Defendant's books and records, they discovered that Defendant failed to pay $491.56 in contributions; at that time, Defendant owed $266.71 in interest on the contributions[5] and $3,386.85 in audit costs. See Knore Decl. at ¶¶ 26–27 [Doc. # 21-1]. After adjusting for overpayments Defendant had made, Defendant owes a balance of $2,101.32 in unpaid contributions, interest, and audit costs. See id. at ¶ 28. Therefore, before accounting for attorneys' fees and court costs, Plaintiffs are entitled to $244,203.91 in monetary relief.[6]

---

[4] Title 29 U.S.C. section 1399(c)(1)(B) provides that an employer's withdrawal liability is limited to 20 annual payments calculated in accordance with Section 1399(c)(1)(C). This restriction is inapplicable, however, because an employer is permitted to make such "level annual payments" under Section 1399(c)(1) only if it is not in "default" under Section 1399(c)(5). See 29 U.S.C. § 1399(c)(1)(A)(i) (providing that "*[e]xcept* as provided in" Section 1399(c)(5), an employer shall pay certain "level annual payments determined under [Section 1399(c)(1)](C)" (emphasis added)).

[5] Plaintiffs do not request any additional prejudgment interest on Defendant's unpaid contributions.

[6] Plaintiffs' motion seeks "an order for Defendant to produce its books and records within 30 days of the entry of judgment." See Mot. at 8. Yet, Plaintiffs' motion does not otherwise discuss this request, nor is it included in their proposed order [Doc. # 21-3] or in their Complaint, see Compl. at 6. Thus, Plaintiffs appear to have mistakenly requested this proposed injunction. In any event, Plaintiffs are not entitled to it. See Fed. R. Civ. P. 54(c) ("A default judgment may not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-01592-DMG (RAOx) | Date | August 3, 2018 |
| Title | *GCIU-Employer Retirement Fund, et al. v. Professional Printers, Inc.* | Page | 6 of 6 |

    **2.**    **Attorneys' Fees and Costs of Suit**

According to Local Rule 55-3's schedule, Plaintiffs are entitled to $8,484.08 in attorneys' fees (*i.e.*, $5,600 + 2% of $144,203.91). Additionally, Knore's declaration establishes that Plaintiffs incurred $581.50 in court costs. *See* Knore Decl. at ¶ 32 [Doc. #21-1]; Knore Decl., Ex. 4 at 36 [Doc. # 21-1]. Therefore, Plaintiffs are entitled to recover these amounts as well.

**III.
CONCLUSION**

In light of the foregoing, Plaintiffs' motion for default judgment is **GRANTED**. The Court will enter judgment in favor of Plaintiffs GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund and against Defendant Professional Printers, Inc. in the total amount of $253,269.49, which is comprised of: (1) $231,344 in withdrawal liability; (2) $10,758.59 in prejudgment interest on Defendant's withdrawal liability; (3) $2,101.32 in unpaid contributions, interest thereon, and audit costs; (4) $8,484.08 in attorneys' fees; and (5) $581.50 in court costs.

**IT IS SO ORDERED.**